



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 8, 2019**

*Mark X. Mullin*
_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 18-43114-MXM |
| LEROY AUGUST SEIFFERT AND | § | |
| ROSALETA BURK SEIFFERT, | § | |
| | § | CHAPTER 7 |
| DEBTORS. | § | |

**MEMORANDUM OPINION
AND ORDER DENYING (I) MOTION TO COMPEL COMPLIANCE
WITH AMENDED STATEMENT OF INTENT; AND (II) AMENDED
MOTION TO DELAY ENTRY OF DISCHARGE**
*[RELATES TO ECF NOS. 41 and 42]*

Before the Court are the following two motions filed by 21ˢᵗ Mortgage Corporation ("***21ˢᵗ Mortgage***"): (i) *Motion to Compel Compliance with Amended Statement of Intent* (the "***Motion to Compel***")[1] and (ii) *Amended Motion to Delay Entry of Discharge* (the "***Motion to Delay***")[2] (the Motion to Compel and Motion to Delay, together, the "***Motions***"). After considering the Motions,

---

[1] ECF No. 41.

[2] ECF No. 42.

the Debtors' Responses,[3] the brief filed by 21st Mortgage,[4] the arguments of counsel, and the exhibits admitted into evidence, the Court finds and concludes that both Motions should be denied.

## I. OVERVIEW

21st Mortgage requests this Court to compel the Debtors to "surrender" a Mobile Home to 21st Mortgage and to delay entry of the Debtors' discharge until 21st Mortgage has "secured" the Mobile Home. 21st Mortgage relies on §§ 521(a)(2) and 521(a)(6) as the statutory authority for its requested relief. Although the disputed issues appear to be simple and straightforward, 21st Mortgage, and others, have litigated these same legal issues on substantially similar facts in several courts across the country, resulting in conflicting results and opinions.

The disputed issues between the Debtors and 21st Mortgage require an analysis and application of Bankruptcy Code §§ 521(a)(2), 521(a)(6), 521(d), and 362(h). And for good measure, consideration of § 524(c) can also be thrown into the mix. Unfortunately, the words and phrases used in the applicable sections of the Bankruptcy Code lack clarity, forcing courts to engage in a form of judicial gymnastics when attempting to accurately and consistently apply each of above Code sections to a fairly common set of facts.

## II. FACTS

On or about September 12, 2005, the Debtors purchased a used 1999 Oak Creek manufactured home for $43,200.00 (the "***Mobile Home***"). The Mobile Home is the Debtors' personal property. To finance the purchase of the Mobile Home, the Debtors entered into a Retail Installment Contract that is now held by 21st Mortgage. Pursuant to the Retail Installment Contract, 21st Mortgage holds a valid and perfected purchase money security interest in the Mobile Home.

---

[3] *Debtors' Opposition to Amended Motion to Compel Compliance with Amended Statement of Intent* [ECF 44] and *Debtors' Opposition to Amended Motion to Delay Entry of Discharge* [ECF 45] (together, the "***Debtors' Responses***").
[4] ECF No. 34.

On August 10, 2018, the Debtors filed for bankruptcy relief under Chapter 7.[5] To comply with § 521(a)(2), the Debtors also filed their Official Form 108 *Statement of Intention for Individuals Filing Under Chapter 7* (the "**First Statement of Intention to Reaffirm**"),[6] electing to retain the Mobile Home and enter into a reaffirmation agreement with 21st Mortgage. When the Debtors filed their First Statement of Intention to Reaffirm, they were current on their payment obligations to 21st Mortgage. And as of the date of the hearing on the Motions, the Debtors remained in compliance with their payment and other contractual obligations to 21st Mortgage.

The Debtors' first meeting of creditors under § 341(a) was held on October 9, 2018. At some point after the § 341(a) meeting and after consultation with their bankruptcy attorneys, the Debtors decided not to formally enter into or file a reaffirmation agreement with 21st Mortgage.[7] Therefore, as of November 9, 2018, the § 362(a) automatic stay terminated as to the Mobile Home, permitting 21st Mortgage to pursue its rights and remedies regarding the Mobile Home as permitted by the Retail Installment Contract and applicable nonbankruptcy law.[8] Even if the § 362 automatic stay had not terminated on November 9, 2018 pursuant to § 362(h), the automatic stay would have terminated as of November 24, 2018 pursuant to § 521(a)(6).[9] Finally, even if the automatic stay had not previously terminated under either §§ 362(h) or 521(a)(6), the automatic stay is ripe for

---

[5] ECF No. 1.

[6] *Id.*

[7] Although the Debtors did not disclose why they decided not to enter into a formal reaffirmation agreement, the Court is aware of decisions discussing the propriety of a debtor entering into a reaffirmation agreement when—as in this case—the debtor is not in default and the secured creditor may not have a viable remedy under the applicable loan documents and state law. *See In re Henderson,* 492 B.R. 537 (Bankr. D. Nev. 2013) (on facts similar to this case, the court denied five reaffirmation agreements because they were not in the best interest of the debtors).

[8] Pursuant to § 521(a)(2)(B), a debtor who intends to enter into a reaffirmation agreement must "perform his intention with respect to such property" within 30 days after the first meeting of creditors. If the debtor fails to timely take such action, then the § 362(a) automatic stay is terminated pursuant to § 362(h)(1)(B) with respect to such property. Based on the undisputed facts in this case, the § 362(a) automatic stay terminated with respect to Mobile Home pursuant to § 362(h)(1)(B) as of November 9, 2018.

[9] Pursuant to § 521(a)(6), if the Debtors failed to enter into a reaffirmation agreement pursuant to § 524(c) within 45 days after the first meeting of creditors, then the § 362(a) automatic stay terminated automatically concerning the Mobile Home.

termination pursuant to § 362(c) upon entry of the Debtors' discharge order (which 21st Mortgage seeks to delay).

To formalize their change of intention, the Debtors filed an amended Official Form 108 *Statement of Intention for Individuals Filing Under Chapter 7* (the "**Amended Statement of Intention to Surrender**")[10] reflecting their amended election to "surrender" the Mobile Home, as opposed to entering into a reaffirmation agreement with 21st Mortgage. Although the automatic stay had terminated with respect to the Mobile Home, 21st Mortgage filed its Motions requesting orders from this Court (i) "delaying Debtors' discharge until the [Mobile Home] has in fact been surrendered and secured by 21st Mortgage Corporation;"[11] and (ii) "allow[ing] 21st Mortgage Corporation to secure the [Mobile Home]."[12] 21st Mortgage is seeking such additional relief because it believes that merely having relief from the automatic stay does not benefit or adequately protect 21st Mortgage in this case.

The Debtors are not in default of any provision or covenant of the Retail Installment Contract. And the Retail Installment Contract does not contain an *ipso facto* clause making the filing of a bankruptcy petition an event of default. Therefore, the additional relief provided by § 521(d) does not benefit 21st Mortgage. So even though the Debtors may be able to discharge their obligation to 21st Mortgage, unless the Debtors default in the future, 21st Mortgage may be precluded from protecting its interests in the Mobile Home or pursuing a foreclosure of its lien in the Mobile Home until a post-discharge default occurs. As a result, 21st Mortgage argues that the Debtors are attempting a "Ride Through"[13] in violation of § 521(a)(2) by retaining possession of the Mobile Home and making payments without having to reaffirm or redeem the Mobile Home.

---

[10] ECF No. 39.

[11] ECF No. 42 at 3.

[12] ECF No. 41 at 3.

[13] Notwithstanding the clear delineation of a debtor's choices in § 521(a), some courts have concluded that there is a

### III.    LEGAL ANALYSIS

This Court has jurisdiction to consider both Motions pursuant to 28 U.S.C. §§ 157 and 1334. Both Motions are core proceedings. Proper, timely, adequate, and sufficient notice of the hearing on the Motions was given.

21st Mortgage argues that the Court should (i) compel the Debtors to "surrender" the Mobile Home to 21st Mortgage, and (ii) delay the entry of the Debtors' discharge until such time as the Mobile Home "has in fact been surrendered and secured by 21st Mortgage."

**A.**    **Request to Compel Debtors to "surrender" the Mobile Home**

21st Mortgage argues that the Debtors should "surrender" the Mobile Home under both § 521(a)(2) and Fifth Circuit authority.[14] 21st Mortgage also argues that § 521(a)(6) provides that "the debtor shall . . . _not retain possession_ of personal property" unless the debtor either enters into a reaffirmation agreement or redeems the personal property.[15] Because this case presents questions of statutory interpretation, the Court is required to start "where all such inquiries must begin: with the language of the statute itself."[16]

    **1.**    **11 U.S.C. § 521(a)(2)**

        *a.*    *Statement of Intention*

First, the Court must analyze and determine the requirements and duties of a debtor under § 521(a)(2)(A) of the Bankruptcy Code, which specifically states that "the debtor shall . . . file with

---

fourth option for debtors, often referred to as a "Ride Through." This alleged fourth option to retain the property and remain current has been rejected by the Fifth Circuit. *See In re Johnson,* 89 F.3d 249, 252 (5th Cir. 1996) ("The clear language of Section 521(a)(2) states that 'the debtor *shall* file with the clerk a statement of his intention' . . . [D]ebtors are limited to the three options set forth in the statute.").

[14] *See In re Johnson*, 89 F.3d 248 (5th Cir 1996).

[15] 11 U.S.C. § 523(a)(6) (emphasis added).

[16] *Ransom v. FIA Card Servs., N.A. (In re Ransom)*, 562 U.S. 61, 69 (2011) (*quoting United States v. Ron Pair Enters. Inc.*, 489 U.S. 235, 241 (1989)).

the clerk a statement of intention."[17] The section then provides that such statement of intention must indicate if the debtor intends to (1) redeem the property, (2) reaffirm the debt secured by the property, or (3) surrender the property. Those are the only three options available to a debtor under § 521(a)(2).[18] The section further provides that the statement of intention must be filed within the earliest of (i) 30 days after the bankruptcy petition date, or (ii) on or before the date of the debtor's meeting of creditors under § 341(a).[19] Most Courts hold that § 521(a)(2) is primarily a notice statute that provides a secured creditor with information concerning a debtor's initial intention regarding certain personal property early in the case.[20]

Once the debtor files the required statement of intention under § 521(a)(2)(A), subsection 521(a)(2)(B) then provides that debtors must, within 30 days *after* the first date set for the meeting of creditors under § 341(a), "perform his intention with respect to such property as specified by subparagraph (A) of this paragraph."[21] In other words, § 521(a)(2)(A) requires debtors to file a statement of their intention concerning property subject to a security interest, and then § 521(a)(2)(B) establishes the timeframe within which debtors must perform their initial intention.

In 2005, Congress revised § 521 to provide consequences when a debtor fails to comply with the § 521(a)(2) directives. Specifically, § 521(c) now creates a "direct linkage" between a debtor's failure to comply with § 521(a)(2) and termination of the automatic stay pursuant to § 362(h).[22] If the debtor fails to comply with either of the § 521(a)(2)(A) or (B) directives, then by operation of §

---

[17] 11 U.S.C. § 521(a)(2)(A) (emphasis added).

[18] *See In re Johnson,* 89 F.3d at 252.

[19] 11 U.S.C. § 521(a)(2)(A).

[20] *See, e.g., Capital Comm. Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 51 (2d Cir. 1997); *Green Tree Fin. Serv. Corp. v. Theobald (In re Theobald)*, 218 B.R. 133, 136 (B.A.P. 10th Cir. 1998); *In re Cornejo,* 342 B.R. 834, 835 (Bankr. M.D. Fla. 2005).

[21] 11 U.S.C. § 521(a)(2)(B).

[22] *See In re Mollison*, 463 B.R. 169, 178 (Bankr. D. Mass. 2012); *Noland v. HSBC Auto Fin. Inc. (In re Baine)*, 393 B.R. 561, 564 (Bankr. S.D. Ohio 2008).

362(h) and without the necessity of a court order, the § 362(a) automatic stay is terminated, permitting the secured creditor to pursue whatever rights and remedies it may have regarding the subject property under the applicable loan documents and nonbankrutpcy law. Courts that have examined the purpose behind the enactment of § 362(h) have found that "[s]ection 362(h) was intended to provide greater protection to creditors by terminating the automatic stay with respect to personal property of the debtor if the debtor failed to timely reaffirm the underlying obligation or redeem the property."[23]

In this case, the Debtors *did* timely file their First Statement of Intention to Reaffirm as required under § 521(a)(2)(A). They failed, however, to timely take the necessary actions to perform their original intention by formally entering into a reaffirmation agreement with 21st Mortgage as required by § 521(a)(2)(B). As a result, the self-executing remedy provided by § 362(h) was triggered—the § 362(a) automatic stay terminated as of November 9, 2018, permitting 21st Mortgage to pursue its available rights and remedies, if any, under the Retail Installment Contract and applicable nonbankruptcy law regarding the Mobile Home. The Bankruptcy Code does not provide or identify any other remedy available to 21st Mortgage resulting from the Debtors' failure to comply with § 521(a)(2).

      b.    "Surrender"

21st Mortgage then focuses on the word "surrender" in § 521(a)(2). 21st Mortgage argues that the term "surrender" is sufficient, by itself, to enable this Court to order the Debtors to affirmatively deliver the Mobile Home to 21st Mortgage. The Debtors, on the other hand, contend that the term "surrender" does not compel or require the affirmative action of "delivery" of the property by the Debtors to the creditor.

---

[23] *Samson v. Western Capital Partners, LLC, (In re Blixseth)*, 454 B.R. 92, 99 (B.A.P. 9th Cir. 2011); *In re Mollison*, 463 B.R. at 177-79; *Dumont v. Ford Motor Credit Co. (In re Dumont)*, 581 F.3d 1104, 1111-12 (9th Cir. 2009).

Because the Code does not define the term "surrender," the Court is required to examine the ordinary meaning of the term.[24] In applying the ordinary meaning of the word "surrender" to the text and context of §§ 521(a)(2) and 362(h), the First Circuit Court of Appeals observed:

> Since Congress did not use the term 'deliver,' however, one reasonably may assume that 'surrender' does not necessarily contemplate that the debtor physically have transferred the collateral to the secured creditor. Thus, the most sensible connotation of 'surrender' in the present context is that the debtor agreed to make the collateral *available* to the secured creditor- *viz.*, to cede his possessory rights in the collateral - within 30 days of the filing of the notice of intention to surrender possession of the collateral.[25]

The surrender option is not synonymous with the term "deliver," but simply denotes relinquishment of any rights a debtor has in the collateral by taking no action to resist any efforts by the creditor to gain its collateral.[26] "The Bankruptcy Code uses the word 'deliver' when turning over physical possession is contemplated. The Code draws a distinction between delivering and surrendering property. The term surrender in [former] § 521(2)(A) was not intended to mean turning over physical possession to the lienholder."[27] When Congress amended § 521 in 2005, Congress did not clarify or place some affirmative duty upon debtors who elect the surrender option.[28] As a result, because the statute does not include language that requires a debtor to undertake some affirmative action to effectuate the surrender option, the Debtors are not required to affirmatively deliver the Mobile Home to 21st Mortgage.[29]

---

[24] *See Hamilton v. Lanning*, 560 U.S. 505, 513 (2010).

[25] *Pratt v. GMAC (In re Pratt)*, 462 F.3d 14, 18-19 (1st Cir. 2006).

[26] *In re Cornejo*, 342 B.R. 834, 836-37 (Bankr. M.D. Fla. 2005).

[27] *Id*.

[28] *Compare* § 521(a)(2) with § 521(a)(6) (requiring the debtor to deliver any collateral in the debtor's possession to the trustee) and § 543(b) (requiring custodian to deliver property of the debtor to the trustee unless excused under § 543(b)) and § 727(d)(2) (drawing a distinction between delivering and surrendering property).

[29] *See In re Theobald,* 218 B.R. at 135 (the language of the statute does not require debtor to transfer title or effectuate surrender).

## 2. 11 U.S.C. § 521(a)(6)

21st Mortgage next turns to § 521(a)(6), which states that "a debtor shall . . . *not retain possession* of personal property . . . unless the debtor . . . either— (A) enters into [a reaffirmation agreement] . . . or (B) redeems such property."[30] The obvious dispute concerns the phrase "not retain possession." Congress appears to have provided a remedy for a debtor's failure to comply with § 521(a)(6) in the "hanging paragraph" appearing after § 521(a)(7), which provides:

> [I]f the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law."[31]

The "hanging paragraph" further provides that the chapter 7 trustee may file a motion seeking additional relief, including requiring "the debtor to *deliver* any collateral in the debtor's possession to the trustee."[32]

The remedies available to secured creditors detailed in the "hanging paragraph" for a debtor's noncompliance with § 521(a)(6) do not include the type of relief requested by 21st Mortgage in its Motions. Instead, § 521(a)(6) simply and specifically lifts the automatic stay to allow 21st Mortgage to pursue its rights and remedies as permitted in the Retail Installment Contract as well as applicable nonbankruptcy law. It is also instructive that the "hanging paragraph" for a debtor's noncompliance with § 521(a)(6) includes the requirement for the debtor to, in fact, (if applicable) "deliver any collateral in the debtor's possession to the trustee."[33] This affirmative requirement for the debtor "to deliver" the collateral to the trustee is not, likewise, provided as a remedy for creditors.

---

[30] § 521(a)(6) (emphasis added). 21st Mortgage raised this argument for the first time at the hearing.

[31] *Id.*

[32] *Id.* (emphasis added).

[33] *Id.*

9

Finally, other courts have skirted the "shall not retain possession" dilemma contained in § 521(a)(6) by holding that the section is not applicable unless the secured creditor files a proof of claim and becomes the holder of an "allowed claim."[34] Although these courts apply the strict reading of the statute to arrive at their holdings, a strong argument can be made that such a strict reading of the statute would lead to an absurd result. The potentially absurd result occurs in this case because, like in so many chapter 7 cases, this is a "no asset" case in which creditors were instructed to not file claims, which is why 21st Mortgage did not file a proof of claim to be deemed a holder of an "allowed claim."[35] The Court, however, does not need to decide the applicability of § 521(a)(6) in this case based on the "allowed claim" argument given the Court's ruling on other grounds.

There is no provision or remedy provided to 21st Mortgage in the Bankruptcy Code if the Debtors continue to maintain possession of the Mobile Home despite the "shall not retain possession" language contained in § 521(a)(6) or fails to "deliver" the Mobile Home to 21st Mortgage (as opposed to the Chapter 7 Trustee as noted above). "It is not up to the Court to read other remedies into the carefully articulated set of rights and remedies set out in the Bankruptcy Code."[36] Rather, the stated remedy for secured creditors in § 521(a)(2) and 521(a)(6) is termination of the automatic stay.[37]

### 3. 11 U.S.C. § 521(d)

Section 521(d) was added in 2005 by BAPCPA to provide an additional remedy for secured creditors when a debtor fails to timely take the action specified in § 521(a)(6). Pursuant to § 521(d),

---

[34] *See In re Blakeley,* 363 B.R. 225, 229 (Bankr. D. Utah 2007) (remarking that "[s]ection 521(a)(6) only applies if a creditor has an 'allowed claim' "and since the creditor did not file a proof of claim under § 501, there was no allowed claim under § 502); *see also In re Anderson*, 348 B.R. 652, 656-57 (Bankr. D. Del. 2006) (same conclusion).

[35] *See* ECF No. 6.

[36] *In re Foster*, 2016WL 1105594 (Bankr. W.D. Okla. 2016).

[37] *In re Williamson*, 540 B.R. 460 (Bankr. D. N.M. 2015).

if a debtor fails to take the actions specified in § 521(a)(6), nothing in the Bankruptcy Code prevents or limits the operation or enforcement of an *ipso facto* clause in the underlying agreement, thereby allowing secured creditors to enforce such *ipso facto* clauses.[38] Unfortunately, as in *Templin*, this enforcement mechanism is available only to creditors who included such *ipso facto* clauses in their agreements. As previously noted, because the Retail Installment Contract between the Debtors and 21st Mortgage does not include an *ipso facto* clause, the remedy added by Congress under § 521(d) does not benefit 21st Mortgage. The absence of such a clause in this particular case is unfortunate for 21st Mortgage, but is not enough to prompt the Court to deviate from the statutory remedies outlined above.[39]

### B. Request to Delay Discharge

21st Mortgage also seeks an order from this Court to delay entry of the Debtors' discharge until the Debtors have "in fact, surrendered" the Mobile Home to 21st Mortgage.[40] Section 727(a) provides twelve exceptions when the Court may delay a debtor's discharge.[41] None of the exceptions specifically listed in § 727(a) applies in the Debtors' case.

In addition, Federal Rule of Bankruptcy Procedure 4004(c) states that "[i]n a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court *shall forthwith* grant the discharge, except that the court shall not grant the discharge if" one of the circumstances described in subparagraphs (A) through (L) is present.[42] The circumstances set forth in Rule 4004(c) that authorize a bankruptcy court to delay a discharge

---

[38] *See* 11 U.S.C. § 521(d); *see also In re Templin,* 2018 WL 1864928 at *3 (Bankr. D. N.M. 2018); *In re McCray*, 578 BR 403, 411 n.8 (Bankr. E.D. Mich. 2017) (*ipso facto* clauses enforceable under § 521(d), but noting that the security agreement under review had no such clause).

[39] *In re Templin,* 2018 WL 1864928 at *6.

[40] ECF No. 42 at 3.

[41] 11 U.S.C. § 727(a).

[42] Fed R. Bankr. P. 4004(c) (emphasis added).

are both specific and limited. An individual debtor's failure to perform his or her duties under § 521(a)(2) of the Bankruptcy Code is not one of the grounds identified in subparagraphs (A) through (L) of Rule 4004(c)(1). Instructively, however, one of the exceptions that is contained in Rule 4004(c), in subparagraph (L), specifically relates to one of a debtor's duties under § 521. It states that the court should not forthwith grant a discharge if there is a "motion pending to delay discharge, because the debtor has not filed with the court all tax documents required to be filed under § 521(f)."[43] In other words, if there is a motion to delay a debtor's discharge because of the debtor's failure to perform his or her duty under § 521(f), the rule expressly excepts a bankruptcy court from its responsibility to *forthwith* grant a discharge, but the rule does not recognize an exception because of a debtor's failure to perform any of the debtor's other duties under § 521.

For these reasons, the Court finds and concludes that the Debtors' mere failure to "in fact, surrender" the Mobile Home to 21st Mortgage does not constitute a meritorious ground under § 727(a) to delay the entry of a discharge order in this case. Thus, no meritorious grounds have been identified by 21st Mortgage that justify delaying entry of the discharge order.[44]

Therefore, based on the Court's findings of fact and conclusions of law, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Motion to Compel is hereby **DENIED**; and it is further

**ORDERED** that the Motion to Delay is hereby **DENIED**.

---

[43] *Id.*

[44] *See In re Templin,* 2018 WL 1864928 at *3-4; *In re McCray*, 578 B.R. at 413-14.